## AMOS McDANIEL & MOORE v. N. E. VAUGHN.

**Husband and Wife—Liability for Goods Purchased.**
> The fact that goods purchased by the wife were, without her knowledge and consent, charged to her instead of her husband, will not make her a debtor instead of the husband.

APPEAL FROM SHELBY CIRCUIT COURT.

February 27, 1873.

OPINION BY JUDGE PRYOR:

We must concur in the opinion of the court below that there is no sufficient evidence in the record to authorize a judgment subjecting the estate of Mrs. Vaughn to the payment of the note executed for the goods sold and delivered. Neither the appellant, Moore, nor his clerk, Penniston, made any statement from which it can be inferred that the appellee knew when these goods were being purchased that they were charged to her. The mere fact that the goods were charged to the wife in the absence of any knowledge of this fact on her part or an agreement to that effect will not make her the debtor instead of the husband. She also states that no such agreement was made and that the goods were purchased on the credit of her husband or that of Boone, and not upon the faith of any promise or pledge on his part.

The judgment is *affirmed.*

*John A. Middleton, for appellants.*

*A. G. Roberts, for appellee.*